# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DARLEEN M. JACOBS, DARLEEN M. JACOBS, A PROFESSIONAL LAW CORPORATION, and THE LAW OFFICES OF JACOBS & SARRAT, AN ASSOCIATION FOR THE PRACTICE OF LAW | * * * * * * * | CIVIL ACTION NO. 08-3592 |
| VERSUS | * * | SECTION "N" |
| DUN & BRADSTREET, INC. | * | MAGISTRATE (3) |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## **ORDER AND REASONS**

Before the Court is a Motion to Remand Due to Lack of Subject Matter Jurisdiction (Rec. Doc. 4), filed by the plaintiffs, Darleen M. Jacobs, Darleen M. Jacobs, A Professional Law Corporation, and The Law Offices of Jacobs & Sarrat, an Association for the Practice of Law (hereinafter "Plaintiffs"). Defendant, Dun & Bradstreet, removed this matter from the Civil District Court for the Parish of Orleans, State of Louisiana, on May 29, 2008. Defendant opposes the motion. Considering the memoranda filed by the parties and the applicable law, **IT IS ORDERED** that the motion is **DENIED**.

1

**Background**

For several years, Plaintiffs received a very high rating from Defendant. In December 2007, however, Plaintiffs were notified that their credit report and paydex score had been lowered because a telephone company had reported that they had not paid an invoice. Plaintiffs denied this allegation but, in April 2008, were notified by Defendant that their rating had again been lowered due to further allegations by the same telephone company. Defendant refused to disclose the identity of the vendor telephone company.

In response, Plaintiffs filed this lawsuit against Defendant in Civil District Court seeking damages. Defendant subsequently removed this action to federal court on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Urging that the amount in controversy is less than that required by § 1332, Plaintiffs now seek remand to state court. There is no dispute as to the parties' diversity of citizenship.

**Law and Analysis**

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). In assessing the propriety of removal, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of establishing that federal jurisdiction exists at the time of removal. *See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995); *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Diversity of citizenship subject matter jurisdiction requires that the amount in controversy

exceed the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Under Fifth Circuit jurisprudence, a removing defendant's burden in establishing the requisite amount in controversy differs depending on whether the complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a specific damage figure that exceeds the required amount in controversy, "that amount controls if made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1939)). The same is true, barring removal, if a plaintiff pleads damages less than the jurisdictional amount. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id.*

In the instant case, however, Plaintiffs filed their action in Louisiana state court. There, procedural rules do not allow plaintiffs to plead a specific amount of money damages in the petition. *See* La. Code Civ. Proc. art. 893. Under such circumstances, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Manguno,* 276 F.3d at 723 (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995)). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Id.* The jurisdictional facts supporting removal are examined as of the time of removal. *See Gebbia v. Walmart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000).

If the defendant meets its burden in either of these ways, the plaintiff may still defeat removal if he or she shows that it is legally certain that his or her recovery will be less than $75,000. *See De Aguilar,* 47 F.3d at 1411-1412. To satisfy this standard, absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with* their

3

complaints." *De Aguilar*, 47 F.3d at 1412 (emphasis added).

Regarding this requirement, the Fifth Circuit has explained:

The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations. Certainly, plaintiffs who plead for specific damages and who are in states that have procedural rules binding them to their pleadings will satisfy their burdens more easily. Others will have the same opportunity to avoid federal court but will have to choose another method to show their commitment to recovery below the threshold amount.

*Id.* at 1412, n. 10. In Louisiana state courts, plaintiffs are not limited to the damage amount requested in their pleadings. *See* La. Code Civ. Proc. art. 862. Accordingly, for pre-removal state court pleadings and stipulations to be binding and, thus, preclude federal court removal, Louisiana plaintiffs must affirmatively renounce the right to accept a judgment in excess of $75,000. *Levith v. State Farm Fire and Cas. Co.,* Civil Action No. 06-2785, 2006 WL 2947906, *2 (E.D. La. 2006) (Vance, J.); *Crosby v. Lassen Canyon Nursery, Inc.,* Civil Action No. 02-2721, 2003 WL 22533617, *3 (E.D. La. 2003) (Vance, J.).[1]

Post-removal affidavits or stipulations may be considered in support of remand only under limited circumstances. If the amount in controversy is ambiguous at the time of removal, the Court may consider such post-removal submissions, but solely to ascertain the amount in controversy as of the date of removal. *See Gebbia*, 233 F.3d at 883; *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (in determining whether remand is

---

[1] In *Engstrom v. L-3 Communications Government Services, Inc.*, Civil Action No. 04-2971, 2004 WL 2984329, *4 (E.D. La. 2004), this Court granted the plaintiff's motion to remand where the petition contained a paragraph in which each plaintiff "affirmatively and knowingly waive[d] entitlement to any damages . . . , including penalties and statutory attorney's fees, but exclusive of interest and costs, in excess of $74,999." The Court found that the waiver language constituted a binding stipulation or "judicial confession" under Louisiana law, and, as a matter of law, prevented the plaintiffs from recovering more than the jurisdictional amount. *Id.*

4

proper, a court may consider an affidavit clarifying a petition that previously left the jurisdictional question ambiguous); *Ardoin v. Allstate Ins. Co.,* No. 06-7624, 2007 WL 97062, *2 (E.D. La. 2007) (Vance, J.); *Tenet Health Systems Hosps. Inc. v. Crosby Tugs, Inc., et al.*, No. 04-1632, 2005 WL 1038072, *4, n.10 (E.D. La. 2005) (Engelhardt, J.). If the amount in controversy, however, is clear from the face of the complaint, post-removal stipulations, affidavits, and amendments purporting to reduce the amount of damages sought by the plaintiff cannot deprive a federal court of jurisdiction. *Gebbia,* 233 F.3d at 883.

In this case, Defendant has met its burden for removal by proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Specifically, Defendant has provided this Court with case law having similar facts to Plaintiffs' claims in which those plaintiffs recovered over $75,000 in damages.[2] Plaintiffs, on the other hand, have not made a showing sufficient to defeat removal. Their state court petition does not contain a binding stipulation regarding damages. Further, though Plaintiffs do state in their petition that the amount in controversy is less than $75,000 (Rec. Doc. 1-2, ¶ II)[3], this unsupported statement alone is not enough to defeat removal.[4] Rather, on the showing made, Plaintiffs' damage claims for loss of standing and degradation of their

---

[2] *See* Opposition to Motion to Remand (Rec. Doc. 6 at 2) (citing *Boris v. Choicepoint Servs., Inc.*, 249 F. Supp. 2d 851, 860-61 (W.D. Ky. 2003); *Stamathis v. Flying J, Inc.*, 389 F.3d 429, 439 (4th Cir. 2004); *Simon v. Shearson Lehman Bros., Inc.*, 895 F.2d 1304, 1319-20 (11th Cir. 1990)).

[3] Although prohibiting the inclusion of a "specific monetary amount of damages" in the petition, Article 893 allows, among other things, a general allegation that the damages at issue are insufficient to provide federal court diversity jurisdiction. *See* La. Code Civ. Proc. art. 893 (A)(1).

[4] *See, e.g., Mullet v. State Farm Fire & Cas.* Co., No. 06-10006, 2008 WL 2002281, *3 (E.D. La. 2008) (Engelhardt, J.); *Weber v. Stevenson*, No. 07-595, 2007 WL 4441261, *2 (M.D. La. 2007); *Davis v. State Farm Fire & Cas. Co.*, No. 06-0560, 2006 WL 1581272, *3-4 (E.D. La. 2006) (Vance, J.).

5

credit rating in the community, emotional stress and strain, and attorney's fees could, if awarded, well exceed $75,000. Therefore, Plaintiffs are not entitled to a remand to state court.

## Conclusion

As stated above, the Court finds that Defendant has demonstrated, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Further, Plaintiffs have not shown that it is legally certain that their recovery will be less than $75,000. According, for the foregoing reasons, the Court finds that 28 U.S.C. § 1332 provides subject matter jurisdiction in this action. Thus, **IT IS ORDERED** that Plaintiffs' Motion to Remand Due to Lack of Subject Matter Jurisdiction (Rec. Doc. 4) is **DENIED**.

New Orleans, Louisiana, this 27th day of January 2009.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**